UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC R. KINZLER, Individually and on Behalf of All Others Similarly Situated,<br><br>VERSUS<br><br>FIRST NBC BANK HOLDING COMPANY, et al. | CIVIL ACTION<br><br>NO. 16-4243<br><br>SECTION "N" (1) |

## ORDER AND REASONS

Before the Court are two motions for appointment of lead plaintiff and selection of lead and liaison counsel (Rec. Doc. 11 and 14) for this securities class action lawsuit. Vying for appointment as lead plaintiff are a collection of institutional investors (the "Institutional Investor Group") and Local 810 Affiliated Pension Fund ("Local 810").[1] Having considered the submissions of the parties and the applicable law, the Court rules as stated herein.

**I.     LAW AND ANALYSIS**

*A.     Appointment of Lead Plaintiff*

The Private Securities Litigation Reform Act of 1955 (PSLRA) governs the selection of a lead plaintiff in a federal securities class action. 15 U.S.C. § 78u-4; *see also In re OCA Secs. & Derivative Litig.*, No. 05-2165, 2005 U.S. Dist. LEXIS 49978, at *13 (E.D.La. Nov. 18, 2005). Pursuant to the PSLRA, the district court shall appoint, as lead plaintiff, the "most adequate

---

[1] The Institutional Investor Group consists of the following members of the purported class: the Oakland County Employees' Retirement System and Voluntary Employees' Benefit Association, Plymouth County Retirement System, and Central Laborers' Pension Fund. (Rec. Doc. 11 at p. 1).

plaintiff," which is a term defined by the statute to mean "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is presumed, under the PSLRA, to be "the person or group of persons" that (1) has moved for appointment as lead plaintiff; (2) has, in the court's determination, "the largest financial interest in the relief sought by the class;"[2] and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). Once established, a contending plaintiff may rebut the presumption only by showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interest of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

The outcome of instant motions turns on two considerations: the size of the parties' respective financial interest and the typicality requirement of Rule 23 of the Federal Rules of Civil Procedure.[3] While Local 810 has alleged the largest loss of any single plaintiff, the Institutional Investor Group purports to have sustained a collective loss that is greater. Because the PSLRA permits the aggregation of individual plaintiffs and their losses, the Court finds that this particular

---

[2] The PSLRA does not define the term "largest financial interest." However, courts have applied the following interpretations: "(i) the total number of shares purchased during the class period; (ii) the total net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate amount of the loss considered." *In re OCA Secs. & Derivative Litig.*, 2005 U.S. Dist. LEXIS 49978, at *18 (citing *In re eSpeed, Inc. Sec. Litig.*, 2005 WL 1653933, at *3 (S.D.N.Y. 2005); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 303-04 (S.D. Ohio 2005); *In re Goodyear Tire & Rubber Co. Sec. Litig.*, 2004 WL 3314943, at *3 (N.D. Ohio May 12, 2004)). Here, both movants address their respective financial interest in terms of loss sustained during the class period.

[3] Rule 23(a) of the Federal Rules of Civil Procedure sets forth four prerequisites to class certification, only two of which address the personal characteristics of the class representative. Of those two – typicality and adequacy – the Court finds only typicality to be a differentiating factor in this case. *See* Fed. R. Civ. P. 23(a)(3)-(4).

consideration – the size of the parties' financial interest – weighs slightly in the Institutional Investor Group's favor.

More persuasive than the parties' substantial financial stakes in the litigation, however, are the considerations raised by Rule 23 of the Federal Rules of Civil Procedure. Subsection (a)(3) of Rule 23 mandates that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Here, cause for concern is created by the possibility that members of the class will face different defenses based on the timing of their stock purchases. According to the Complaint, which was drafted by Local 810's counsel, the defendant first disclosed errors in its accounting on February 1, 2016. (Rec. Doc. 1 at ¶ 12). Notably, at the time of the disclosure, Local 810 had yet to purchase any of its 40,000 shares,[4] whereas the Institutional Investor Group held 87% of its collective shares. By virtue of being the only one of the two applicants for lead plaintiff to have acquired shares before and after February 1, 2016, the Institutional Investor Group appears to be facing potential defenses that are more typical of those that may be raised against the broader class.[5] For this reason, the Court finds that the Rule 23 and its typicality requirement favors appointment of the Institutional Investor Group.

Considering the foregoing, the Institutional Investor Group has successfully demonstrated that, under the PSLRA, it is to be presumed most capable of adequately representing the interests of class members. Moreover, Local 810 has not rebutted this presumption, which would require a showing that the Institutional Investor Group will not fairly and adequately protect the interest of

---

[4] Of Local 810's 40,000 shares, it purchased the first half on February 10, 2016, nine days after the first "disclosure." It did not purchase the second half of its shares until March 18, 2016, by which time First NBC Bank may have made additional public disclosures. (*See* Rec. Doc. 31 at p. 6).

[5] At this stage in the litigation, the Court believes that it is best to act out of an abundance of caution and avoid potential conflicts in the class.

the class or is subject to unique defenses. That not appearing to be the case, the Court concludes that the Institutional Investor Group is best fit to serve as lead plaintiff in this litigation.

### B. *Appointment of Lead Counsel*

The PSLRA permits the lead plaintiff to select lead counsel for the class, subject to the court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Institutional Investor Group has nominated Barrack, Rodos, & Bacine and Labaton Sucharow LLP to serve as Co-Lead Counsel and The Glorioso Law Firm as Liaison Counsel. The Court, however, does not desire, and sees no reason for, attorneys from more than one firm to serve as Lead Counsel. It also does not agree with the need for the Court to appoint local liaison counsel.[6] Accordingly, out of concern for the best interest of the class, the Court appoints only Barrack, Rodos, & Bacine as Lead Counsel, and it will look to that firm to fulfill all responsibilities of lead counsel herein.

### II. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that the "Motion of the Institutional Investor Group for Appointment as Lead Plaintiff and Approval of Its Selection of Lead and Liaison Counsel" (Rec. Doc. 11) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent that the Institutional Investor Group is hereby appointed Lead Plaintiff and the law firm of Barrack, Rodos, & Bacine is appointed Lead Counsel. In all other respects, the Motion is denied.

---

[6] Unless otherwise ordered, Lead Counsel will be permitted to utilize additional attorneys, such as local counsel. However, only counsel from the firm Barrack, Rodos, & Bacine will be designated and permitted to serve as Lead Counsel, and as such, be directly answerable to this Court under all circumstances.

**IT IS FURTHER ORDERED** that the "Motion of Local 810 Affiliated Pension Fund for Appointment as Lead Plaintiff and Approval of Selection of Counsel" (Rec. Doc. 14) is **DENIED**.

**IT IS FINALLY ORDERED** that counsel from the firm of Barrack, Rodos, & Bacine are to move to enroll in the case, in compliance with LR 83.2.5, by Friday, September 2, 2016.

New Orleans, Louisiana, this <u>19th</u> day of August 2016.

                                                  **KURT D. ENGELHARDT**
                                                  UNITED STATES DISTRICT JUDGE