## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ERIC R. KINZLER,**
    **Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO. 16-4243**

**FIRST NBC BANK HOLDING COMPANY, ET AL.,**
    **Defendants**

**SECTION: "E" (1)**

### ORDER AND REASONS

Before the Court is a motion to stay filed by Defendant Ashton J. Ryan, Jr.[1] Defendant Mary Beth Verdigets has filed an opposition.[2] Lead Plaintiffs Oakland County Employees' Retirement System and Voluntary Employees' Benefit Association, Plymouth County Retirement System, and Central Laborer's Pension Fund (collectively, "Lead Plaintiffs") have also filed an opposition.[3] For the following reasons, Ryan's motion to stay is **GRANTED**.

### BACKGROUND

This is one of several cases arising out of the circumstances leading to the collapse of First NBC Bank. Defendant First NBC Bank Holding Co. ("First NBC") was a publicly traded bank holding company.[4] Its wholly owned subsidiary, First NBC Bank, offered financial services in New Orleans.[5] On April 8, 2016, First NBC announced that its financial statements for the years ending on December 31, 2011 through 2014, and interim periods within the years ending on December 31, 2013 to 2015, needed to be restated and

---

[1] R. Doc. 168.
[2] R. Doc. 173.
[3] R. Doc. 175.
[4] R. Doc. 60 at ¶ 2.
[5] *Id.*

should no longer be relied upon.[6] On May 6, 2016, Lead Plaintiffs, shareholders of First NBC, filed this class action against First NBC, along with its President and Chief Executive Officer Ryan and its Chief Financial Officer—and later Treasurer—Verdigets, alleging they committed securities fraud.[7]

On February 17, 2017, Defendants filed motions to dismiss under Federal Rules of Civil Procedure 9(b) and 12(b)(6).[8] The Court granted the motions to dismiss on April 28, 2017 for failure to plead scienter and failure to plead a false statement.[9] The Court entered a judgment in favor of Defendants on May 11, 2017.[10] Lead Plaintiffs appealed.[11] While on appeal, on January 28, 2021, Lead Plaintiffs requested an indicative ruling from this Court under Rule 62.1 as to whether it would grant relief from judgment under Rule 60(b) to allow Lead Plaintiffs to amend their complaint in light of new information brought to light since the original complaint was filed.[12] The Court "state[d] that, if remanded, the Court would find [the] Rule 62.1 motion has raised substantial issues with respect to whether Lead Plaintiffs should be granted relief from the judgment of dismissal under Rule 60(b)(6) and be allowed to amend their complaint to include allegations that First NBC, Ryan, and Verdigets acted with the required state of mind or scienter to deceive, manipulate, or defraud" under the Private Securities Litigation Reform Act.[13] In light of

---

[6] *Id.* at ¶ 28.
[7] R. Doc. 60. Lead Plaintiffs also sued First NBC's auditor, Ernst & Young LLP; however, the claims against Ernst & Young have been dismissed, R. Doc. 115; the appeal involving the claims against Ernst & Young was dismissed by stipulation of the parties, R. Doc. 129; and Plaintiffs do not seek to revive any claims against Ernst & Young, *see* R. Doc. 140.
[8] R. Docs. 74, 77, 78.
[9] R. Doc. 115.
[10] R. Doc. 119.
[11] R. Doc. 120.
[12] R. Doc. 140.
[13] R. Doc. 163 at 19.

the Court's indicative ruling, on September 28, 2021, the Fifth Circuit remanded to this Court for further proceedings, which issued as mandate on October 20, 2021.[14]

While the appeal was pending, on July 10, 2020, a Grand Jury indicted Ryan and two other First NBC Bank executives for their actions leading up to the collapse of First NBC Bank.[15] Verdigets was not indicted. Seven other civil cases involving Ryan or other parties involved with First NBC have been stayed pending the outcome of the criminal prosecutions.[16] Ryan now moves to stay this case pending the outcome of the criminal charges against him.[17]

## LEGAL STANDARD

"There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions . . . against the same defendant involving the same transactions."[18] "In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice."[19] "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."[20] "Courts in the Fifth Circuit generally consider the following factors in determining whether a stay in a civil action is warranted due to a parallel criminal proceeding: '(1) the

---

[14] R. Doc. 166.

[15] *See United States v. Ryan*, No. 20-cr-65-EEF-KWR, R. Doc. 318 (E.D. La. Aug. 5, 2021) (second superseding indictment).

[16] *BY Equities, LLC v. Carver Theater Prods., LLC*, No. 20-1290, 2021 WL 1577839 (E.D. La. Apr. 21, 2021); *Zurich Am. Ins. Co. v. St. Angelo*, No. 20-01005, R. Doc. 124, (Bankr. E.D. La. Oct. 21, 2020); *F.D.I.C. v. Ernst & Young LLP*, No. 20-1259, 2020 WL 3960345 (E.D. La. July 13, 2020); *Cont'l Cas. Co. v. St. Angelo*, No. 19-13382, 2020 WL 425865 (E.D. La. Jan 27, 2020); *Acad. Place, LLC v. Ryan*, No. 18-10881, 2019 WL 3974793 (E.D. La. Aug. 22, 2019); *Off. Comm. of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan*, No. 19-10341, 2019 WL 3858953 (E.D. La. Aug. 16, 2019).

[17] R. Doc. 168.

[18] *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666 (5th Cir. 1981).

[19] *Id.* at 668 (quoting *United States v. Kordel*, 397 U.S. 1, 11-13 (1970)).

[20] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

extent of the overlap between the criminal case and the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and the burden on the defendant; (5) the interests of the courts; and (6) the public interest.'"[21]

## LAW AND ANALYSIS

### I.    A Stay is Warranted Pending the Outcome of the Criminal Charges Against Ryan.

The first factor, the extent to which the civil and criminal cases overlap, weighs in favor of a stay. "[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."[22] In their motion for an indicative ruling, Lead Plaintiffs referenced the allegations of wrongdoing made in the indictment against Ryan as new evidence warranting relief from judgment and leave to file an amended complaint.[23] In fact, Lead Plaintiffs concede there is substantial overlap.[24] Therefore, the Court finds the first factor weighs in favor of a stay.

The second factor, the status of the criminal case and whether the defendant has been indicted, weighs in favor of a stay. "In a criminal case where the defendant has already been indicted, there is a higher likelihood that a defendant could make incriminating statements."[25] It is undisputed that Ryan has been indicted for the same

---

[21] *BY Equities*, 2021 WL 1577839, at *1 (quoting *Cruz Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2019 WL 3430267, at *2 (E.D. La. July 30, 2019)).
[22] *Hansen v. Thorpe*, No. 18-6203, 2018 WL 6523129, at *2 (E.D. La. Dec. 12, 2018) (quoting *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906–07 (S.D. Tex. 2008)).
[23] *See, e.g.*, R. Doc. 140-1 at 35.
[24] R. Doc. 175 at 5.
[25] *BY Equities*, 2021 WL 1577839, at *2 (citing *Doe v. Morris*, No. 11-1532, 2012 WL 359315, at *6 (E.D. La. Feb. 2, 2012))

acts underlying the allegations of this case. Therefore, the Court finds the second factor weighs in favor of a stay.

The third factor, the interests of the plaintiff in proceeding expeditiously, weighs in favor of a stay. "[I]n evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim."[26] Courts have held the mere possibility that the defendant may have fewer assets from which the Plaintiff may recover to be too "speculative" to warrant denying a stay.[27] In this case, the only prejudice that Lead Plaintiffs have identified is that "the [Defendants'] insurance policies that apply to this case are wasting policies and a stay of the action would cause great harm to the Class in terms of potential recoveries if Ryan and other former officers and directors continue to draw down from those policies."[28] The Court finds this argument to be speculative. Lead Plaintiffs represent that roughly $17 million of a total of $60 million in coverage in various director and officer policies has been expended.[29] Of the roughly $43 million remaining, Lead Plaintiffs contend there may be issues recovering from a $35 million portion due to alleged misrepresentations Ryan made when acquiring that coverage.[30] Lead Plaintiffs' argument is premised on contingencies upon contingencies. For Lead Plaintiffs to have no possible recovery, Ryan would have to expend the $8 million in unobjected-to coverage, then a court would have to determine the remaining $35 million coverage was

---

[26] *BY Equities*, 2021 WL 1577839, at *2 (quoting *Hansen*, 2018 WL 6523129, at *3)
[27] *See, e.g.*, *Hansen*, 2018 WL 6523129, at *3 (citation omitted) ("Plaintiff contends he will be prejudiced by not being 'able to identify the assets Defendant currently holds,' which Plaintiff submits 'could completely frustrate Plaintiff's ability to recover damages once the Criminal Prosecution is concluded.' The Court finds such arguments speculative and highly inflammatory.").
[28] R. Doc. 175 at 7.
[29] *Id.*
[30] *Id.*

obtained fraudulently, and then Ryan would have to be otherwise insolvent. Accordingly, the Court finds factor three weighs in favor of a stay.

The fourth factor, the interests of and the burden on the defendant, weighs in favor of a stay. "If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay."[31] "The Supreme Court has disapproved of procedures which require a party to surrender one constitutional right in order to assert another,"[32] and "a party claiming the Fifth Amendment privilege should suffer no penalty for his silence."[33] Lead Plaintiffs and Verdigets argue the Private Securities Litigation and Reform Act in 15 U.S.C. § 78u-4(b)(3)(B) precludes discovery until after the resolution of a motion to dismiss, and the parties may litigate motions to dismiss without any prejudice to Ryan.[34] However, this proposed solution only pushes the issue down the road. If the Court allows Lead Plaintiffs to file an amended complaint, after the Court rules on any hypothetical motions to dismiss, Ryan would then be forced to choose between answering the complaint and his right to silence.[35] The burden on Ryan is the same. Accordingly, the Court finds factor four weighs in favor of a stay.

The fifth factor, the interests of the Court, weighs in favor of a stay. "The Court has interests in judicial economy and expediency, and conducting the criminal proceedings first advances the judicial economy."[36] While a stay will cause a delay in an already five-year-old case, "the Court has a significant interest in seeing that justice is done in an

---

[31] *BY Equities*, 2021 WL 1577839, at *3 (quoting *Hansen*, 2018 WL 6523129, at *3).
[32] *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1088 (5th Cir. 1979) (citing *Simmons v. United States*, 390 U.S. 377, 394 (1968)); *see also Hansen*, 2018 WL 6523129, at *3.
[33] *Id.* (citing *Spevack v. Klein*, 385 U.S. 511, 515 (1967)).
[34] R. Doc. 175 at 6; R. Doc. 173 at 6.
[35] Moreover, "[t]he legal issues presented in a 12(b) motion do not exist in a vacuum, and the facts underlying the allegations in the Complaint and the assertion of Defendants' objections are inherently related to those facts at issue in the criminal investigation." *Ernst & Young*, 2020 WL 3960345, at *5.
[36] *BY Equities*, 2021 WL 1577839, at *3 (quoting *Hansen*, 2018 WL 6523129, at *3).

efficient manner without trampling the constitutional rights of the litigants."[37] "Although the Court has a strong interest in seeing that this matter is heard and resolved expeditiously, it has an equally strong interest in safeguarding the rights of all parties."[38] Therefore, the Court finds the fifth factor weighs in favor of a stay.

The sixth factor, the public interest, weighs in favor of a stay. "[T]he public has a well-deserved interest in seeing that criminal matters are handled thoroughly and expeditiously, without being compromised by concurrent civil matters."[39] "The public also has a strong interest in allowing law enforcement officials to perform their jobs, uncover evidence of criminal activity, and bring those persons responsible for criminal activity to justice."[40] "While the public has an interest in seeing the resolution of civil matters that may have resulted from the bank's collapse, the public has an even stronger interest in seeing that anyone criminally responsible be held accountable for those actions."[41] Any interest in seeing civil matters resolved quickly is appreciable "only to the extent that the integrity of the defendant's rights can be maintained."[42] Therefore, the Court finds the sixth factor weighs in favor of a stay.

## II.   The Stay Encompasses All Claims in This Case.

Defendant Verdigets argues the Court should stay only the claims against Ryan and allow Lead Plaintiffs' claims against her to proceed.[43] Verdigets argues a stay on the claims against her would cause her prejudice because, during the stay, Ryan and other officers

---

[37] *Acad. Place*, 2019 WL 3974793, at *3; *see also Off. Comm. of Unsecured Creditors*, 2019 WL 3858953, at *4.
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *See BY Equities*, 2021 WL 1577839, at *3 (quoting *Hansen*, 2018 WL 6523129, at *3).
[43] R. Doc. 173.

will continue to draw down on the directors and officers insurance they are all using to fund their defenses, leaving Verdigets with fewer funds to defend herself.[44]

Courts have stayed entire cases, including claims brought against people other than the criminal defendant, when there is such overlap that the criminal defendant's testimony would be useful or necessary to the other claims.[45] "Unless it is 'perfectly clear' that the witness's answers 'cannot possibly' tend to incriminate, the privilege must be sustained."[46] In *BY Equities, LLC v. Carver Theater Productions, LLC*, this Court stayed an entire consolidated case, even though only some claims were brought against Ryan, because, "[g]iven th[e] interlocking structure [of the claims], it cannot be said that Ryan's answers, if made a witness, could not possibly tend to incriminate him."[47] Indeed, "Ryan's testimony could aid in the Court's understanding of these documents and assist the parties in locating other documents that may support the [other parties'] fraudulent inducement defense."[48] Other cases involving Ryan and other officers from First NBC have stayed the entire cases, even though other defendants were involved.[49]

Additional factors to consider include whether allowing some claims to go forward will "create unnecessary complexities with respect to discovery, expose defendants' strategy or theories with respect to the criminal case, or otherwise prejudice the pending

---

[44] *Id.* at 5-6.
[45] *BY Equities*, 2021 WL 1577839, at *3.
[46] *Id.* (quoting *Hoffman v. United States*, 341 U.S. 479, 488 (1951)) (first citing *United States v. Goodwin*, 625 F.2d 693, 700-01 (5th Cir. 1980); and then citing *United States v. D'Apice*, 664 F.2d 75, 76-77 (5th Cir. 1981)).
[47] *Id.*
[48] *Id.* at *4.
[49] *See Acad. Place*, 2019 WL 3974793, at *4; *Off. Comm. of Unsecured Creditors*, 2019 WL 3858953, at *4.

criminal proceedings."[50] Courts have also considered the interests of judicial economy in resolving related claims together, rather than through duplicative proceedings.[51]

In this case, as in *BY Equities*, the claims against Ryan and Verdigets are closely intertwined. Ryan's testimony would likely be useful to explain documents or actions relevant to the claims against Verdigets. Staying only part of the case would result in duplicative discovery and motion practice. Moreover, because of the interlocking acts leading to the claims in this case, Ryan and Verdigets may rely on each other's actions as defenses. Allowing the claims against Verdigets to go forward may prejudice Ryan's criminal defenses. On the other hand, the resolution of the criminal proceeding may in fact resolve many issues in this case and narrow the claims against Verdigets. The only prejudice Verdigets points to is the possibility that her directors and officers insurance may be depleted. As explained above, this argument is too speculative to weigh strongly against a stay. Accordingly, the Court will stay this case in its entirety.

<u>CONCLUSION</u>

**IT IS ORDERED** that Defendant Ashton J. Ryan, Jr.'s motion to stay[52] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is hereby **STAYED** in its entirety until the criminal charges against Ryan are adjudicated or otherwise resolved.

**New Orleans, Louisiana this 12th day of November, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[50] *Taylor, bean & Whitaker Mortg. Corp. v. Triduanum Fin. Inc.*, No. CIV. 2:09–cv–0954 FCD EFB, 2009 WL 2136986, at *2 (E.D. Cal. July 15, 2009).
[51] *See, e.g.*, *Bridges v. Geringer*, No. 13–CV–01290–LHK, 2013 WL 3888328, at *3 (N.D. Cal. July 24, 2013).
[52] R. Doc. 168.